**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

HONEST FUNDING, LLC,

Plaintiff,

v. 1:26-cv-01676 (AMN/PJE)

GILMORE HEIGHTS DENTAL HOLDINGS, LTD.; ROBERT M. GILMORE; CHARLES WESLEY HARPER,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**DANNLAW** **BRIAN D. FLICK, ESQ.**
15000 Madison Avenue
Lakewood, OH 44107
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On September 3, 2026, Defendants Gilmore Heights Dental Holdings, Ltd. ("Defendant Gilmore Heights"), Charles Wesley Harper ("Defendant Harper"), and Robert M. Gilmore ("Defendant Gilmore"; collectively, "Defendants") removed this action to federal court. Dkt. No. 1. On September 11, 2026, this Court ordered Defendants to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 11 (the "Order"). On October 2, 2026, Defendants instead filed a motion to remand this action to state court. Dkt. No. 14 (the "Motion").

For the reasons set forth below, the Court grants the Motion and remands this action.

## II. BACKGROUND

On August 2, 2026, Plaintiff Honest Funding LLC ("Plaintiff") filed a Complaint with the Supreme Court of the State of New York, Washington County alleging breach of contract and breach of guaranty claims in connection with an alleged receivable purchase agreement and personal guaranty. *See* Dkt. No. 2. Plaintiff served Defendants with the original Summons and Complaint on August 4, 2026.

On September 3, 2026, Defendants removed the case to the Northern District of New York, asserting that jurisdiction was proper under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. No. 1 at ¶¶ 5-11. On September 11, 2026, this Court ordered Defendants to show cause why the Court should not dismiss the action for lack of subject matter jurisdiction. Dkt. No. 11. The Court noted first that Plaintiff is an LLC, which "takes the citizenship of each of its members" for purposes of determining the propriety of diversity jurisdiction, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012), but that neither Plaintiff by the Complaint nor Defendants by the Notice of Removal allege the citizenship of Plaintiff's members, Dkt. No. 11 at 3;[1] *see also* Dkt. Nos. 1, 2. The Court also noted that, while Defendants in the Notice of Removal represent that Plaintiff seeks damages of $180,015.80, NSF fees of $3,000.00, and default fees of $38,597.32, Dkt. No. 1 at ¶ 11, the Complaint reflects that Plaintiff seeks damages of only $13,248 plus interest, Dkt. No. 2 at 3, well below the minimum amount necessary for the Court to have diversity jurisdiction. Dkt. No. 11 at 4-5; *see* 28 U.S.C. § 1332. On October 2, 2026, Defendants filed their Motion, in which they concede that this Court

[1] Citations referring to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000 and request that this Court remand this action to the Supreme Court of the State of New York, Washington County pursuant to 28 U.S.C. § 1447. Dkt. No. 14. Defendants note that their counsel had "reached out to Plaintiff's counsel to seek consent for this motion," but had not received a response as of the date of filing. *Id.* at 4.

## III. STANDARD OF REVIEW

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 912 (2d Cir. 2024). A district court's original jurisdiction includes "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[,]" 28 U.S.C. § 1332(a)(1). The party seeking removal must establish federal jurisdiction. *See, e.g., Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) ("'It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction,' and it must prove jurisdiction by a 'preponderance of evidence.'") (first quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); and then quoting *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012)).

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Platinum-Montaur*, 943 F.3d at 616 ("'It is a fundamental precept that federal courts are courts of limited

jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress.") (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009)). Finally, "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (Sotomayor, J.) (citations omitted).

## IV. DISCUSSION

This Court lacks original subject matter jurisdiction over this action. The Complaint makes clear that Plaintiff seeks only $13,248 plus interest, Dkt. No. 2 at 3; *see also id.* at ¶¶ 13, 15, 17 (demanding $13,248 in damages on alternative theories of liability); and Defendants concede that their representations otherwise were in error, Dkt. No. 14 at 4. Where a case has been removed from State court, the law is clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Defendants have disclaimed any argument in favor of this Court's subject matter jurisdiction.

The Court notes that Plaintiff has not appeared in this action to date, *see generally* Docket Sheet, and Defendants' counsel was unable to secure Plaintiff's consent to the Motion, *see* Dkt. No. 14 at 4. Nevertheless, it is well-settled that "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The Court can discern no colorable argument in favor of jurisdiction and Plaintiff's decision at the outset of this litigation to file in State court reassures the Court that Plaintiff would not suffer prejudice from a remand.

The Court therefore grants Defendants' Motion and remands this case to New York State Supreme Court, Washington County, for further proceedings.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to remand, Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that this action is **REMANDED** to New York State Supreme Court, Washington County; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close this case.

**IT IS SO ORDERED.**

Dated: October 13, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge